**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert James Gibson, Jr., | No. CV-16-00767-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend.  (Doc. 22.)  For the reasons below, the Court will grant Plaintiff's Motion and, after screening, allow Plaintiff to proceed with his claims against Defendants.

## I.    Background

On October 28, 2015, Plaintiff, who is represented by counsel, filed a Complaint in Maricopa County Superior Court.  (Doc. 1-1 at 3.)  Plaintiff filed a First Amended Complaint in that court on February 22, 2016.  (*Id.* at 14.)  On March 22, 2016, Defendants Maricopa County, Arpaio, Wade, Yelvington, Damato, Carlos Alanis, Canez, Rogers, Karas, Miller, Townsend, Pendrick, Myers, and Hoyt, all represented by the same counsel, paid the filing fee and filed a Notice of Removal.  (Doc. 1.)  On March 24, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim.  (Doc. 3.)  On April 11, 2016, Plaintiff filed a Response to Motion to Dismiss or In the Alternative Motion for Authority to Amend Complaint, and on April 15, 2016, Defendants filed a Reply to Plaintiff's Response.  (Docs. 6, 7.)  In a May 3, 2016 Order, the Court dismissed

the First Amended Complaint for failure to state a claim and denied as moot Defendants' Motion to Dismiss, Plaintiff's Motion for Extension of Time, and Plaintiff's Response. (Doc. 8.)  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On June 2, 2016, Plaintiff filed a Second Amended Complaint, naming Arpaio, Carlos, John or Jane Doe Detention Officer 1, and John or Jane Doe Supervisors 1-4 as Defendants.  (Doc. 9.)  On June 16, 2016, Defendants Arpaio and Carlos filed an answer to the Second Amended Complaint.  (Doc. 10.)  On August 2, 2016, the Court screened Plaintiff's Second Amended Complaint and allowed Plaintiff's claims to proceed against Defendant Carlos.  (Doc. 13.)  The Court further found that Plaintiff had stated claims against John or Jane Doe Supervisors 1-4, but the Court did not order service of these unidentified Defendants.  (*Id.*)  The Court dismissed Plaintiff's claims against Defendants Arpaio and Detention Officer John/Jane Doe 1 without prejudice.  (*Id.*)

On September 8, 2016, the Court entered a Case Management Order in this matter, setting December 7, 2016 as the deadline for amending pleadings.  (Doc. 20.)  On December 4, 2016, Plaintiff filed his Motion to Amend.  (Doc. 22.)  Rule 15 of the Federal Rules of Civil Procedure provides that the Court should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a).  Further, the Court finds that Plaintiff has sufficiently complied with Rule 15.1 of the Local Rules of Civil Procedure. Therefore, the Court will grant Plaintiff's Motion to Amend.  Below, the Court screens Plaintiff's Third Amended Complaint.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

### III. Plaintiff's Third Amended Complaint

In his two-count Third Amended Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff Joe Arpaio, Officer Carlos (Badge Number B2180), Detention Officers Landon Hoyt (Badge Number B2127) and Michael Wade (Badge Number B2679), Lt. Dan Karas (Badge Number A7994), and Shift Commander Sgt. James Rogers (Badge Number A7913). Plaintiff seeks monetary damages and fees and costs. In Count One, Plaintiff asserts negligence claims. In Count Two, Plaintiff asserts 42 U.S.C. § 1983 claims for the violation of his Fourteenth Amendment rights.

In support of his claims, Plaintiff alleges the following facts: Plaintiff had a disability requiring the use of a cane when he entered the Maricopa County Fourth Avenue Jail. Plaintiff was issued a cane by medical because without one, Plaintiff's knee would "give out[,] causing him to fall." Pursuant to a medical order, Plaintiff was given

a lower bunk in a lower tier cell, and this assignment was known by all Detention Officers, including Defendant Carlos.

Most visits take place on the second level, but some inmates are housed in lower tier cells so that they do not have to navigate the stairs for legal or other authorized visits. When inmates housed in a lower tier cell get a visitor, they can meet with the visitor without having to go upstairs if a detention officer authorizes the lower level visit. To have a visit on the lower level, a guard must transport the inmate to and from the visit. A visit on the second level does not require a guard's assistance. For visits on the second level, a guard in the tower remotely opens the inmate's cell and the visitation area.

Each time Plaintiff had a legal or other visitor, the visit was held on the second level, and he had to navigate the stairs without assistance. Each time, Plaintiff was notified by the tower guard that he had a visitor, and Plaintiff would ask for assistance getting up and down the stairs, but he was told that he would have to either get up and down the stairs by himself or skip the visit. For four months, Plaintiff complained to detention officers and supervisors about having second-level visits, as he was concerned about falling while going up and down the stairs. Plaintiff claims that anyone watching him navigate the stairs would know that "sooner or later he would fall going up or down the stairs."

Plaintiff spoke with Defendants Rogers and Karas and requested assistance going up and down the stairs to attend visits on the second level or, in the alternative, that all of his visits take place on the lower level. Defendants Rogers and Karas told Plaintiff that if he had a visit on the second level, he would have to get up and down the stairs himself or miss the visit. Plaintiff claims that Defendants Rogers and Karas told Defendants Carlos, Wade, and Hoyt that Plaintiff had to navigate the stairs without assistance or miss his visits.

On October 29, 2014, Defendant Carlos, the tower guard, called Plaintiff over the intercom system to inform Plaintiff that he had a legal visitor in the second level visitation area. Plaintiff asked Defendant Carlos for assistance going up and down the

stairs because of his knee problems, and Defendant Carlos told Plaintiff that pursuant to direction given by Defendants Rogers and Karas, Plaintiff would need to get up and down the stairs without assistance or miss the visit.  Plaintiff walked up the stairs for the legal visit without assistance.  At the end of the visit, Defendants Hoyt and Wade were at the visitation cell door and informed Officer Carlos that the visit was over.  Defendant Carlos then opened the door at the top of the stairs to let Defendants Hoyt and Wade walk down the stairs.  Defendants Hoyt and Wade left the cell block and did not assist Plaintiff.  About eight seconds after they left, Defendant Carlos remotely let Plaintiff out of the visitation room to allow Plaintiff to go down the stairs and back to his cell with no assistance.

Plaintiff claims that Defendant Carlos could have held Plaintiff in the visitation room, as it is secure, until a guard was available to assist him down the stairs.  Plaintiff further claims that Defendants Carlos, Hoyt, and Wade knew Plaintiff faced a risk of falling if he went down the stairs without assistance and knew that Plaintiff wanted assistance going down the stairs, but failed to assist Plaintiff. Plaintiff began walking down the stairs without assistance while Defendant Carlos watched from the tower. After about nine stairs, Plaintiff "lost his footing and tumbled down the stairs."  Plaintiff was lying at the bottom of the stairs unconscious for almost two minutes before help arrived.

Defendant Carlos saw Plaintiff fall and requested assistance over his radio, but there were not any detention officers nearby that could get to Plaintiff quickly.  Plaintiff was seen by medical and later transferred to the Maricopa County Integrated System for treatment.  As a result of the fall, Plaintiff suffered injuries to his "cervical" and left shoulder and pain in his lower back, knee, and left hand.   Plaintiff was released from the hospital on October 30, 2014.

On November 5, 2014, a Detention Officer opened Plaintiff's cell door to allow Plaintiff to go to the second level for a psychiatric visit.  Plaintiff told the Detention Officer that he had recently fallen down the stairs and that he should not go up or down the stairs without assistance.  The Detention Officer "forced [Plaintiff] to go up the stairs

for the visit." Plaintiff filed a grievance complaining about the November 5 incident and "being forced to go up the stairs for this and subsequent visits after the fall." Plaintiff has been advised that if he has a second-level visit, he should show the detention officer the response to his grievance so he can have his visit on the lower level.

## IV.   Analysis

### a.  Plaintiff's Negligence Claims

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (citing *Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983)).

The Court finds that Plaintiff has sufficiently stated claims for negligence against Defendants Carlos, Hoyt, Wade, Rogers, and Karas.  Plaintiff asserts these Defendants owed Plaintiff a duty to keep him safe while in custody at the jail and their breach of that duty caused Plaintiff to suffer injuries.   More specifically, Plaintiff claims that Defendants Carlos, Hoyt, and Wade failed to assist Plaintiff up and down the stairs, even though they were aware of his physical disability and were present when Plaintiff was in the second floor visitation room on October 29, 2014.   Plaintiff further claims that Defendants Rogers and Karas instructed Defendant Carlos not to assist Plaintiff or to allow him to conduct his approved visits on a lower tier, which led to Plaintiff's injuries. The Court finds these allegations sufficient to state claims for relief.

Plaintiff also claims that Defendant Arpaio is liable for the negligent conduct of the other individual Defendants, who are his employees, under a theory of respondeat superior.  The Court finds these allegations sufficient to proceed on Plaintiff's negligence claim against Defendant Arpaio.

### b.  Plaintiff's § 1983 Claims

To prevail on a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities

and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo*, 423 U.S. at 371-72, 377.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  To state a claim under § 1983 for threat to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.*

Plaintiff alleges threat to safety claims against Defendants Carlos, Hoyt, Wade, Rogers, and Kavas pursuant to § 1983.  Plaintiff asserts that these Defendants were aware of the substantial risk to Plaintiff in navigating the stairs with his disability and acted with deliberate indifference to a substantial risk to Plaintiff's safety in refusing to assist him. The Court finds these allegations sufficient to proceed with Count Two of Plaintiff's Third Amended Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 22) is granted.  On or before **January 23, 2017**, Plaintiff shall file a clean copy of his Third Amended Complaint at Doc. 22-1.

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to the Third Amended Complaint within the time period prescribed by the Federal Rules of Civil Procedure.

Dated this 17th day of January, 2017.

Honorable John Z. Boyle
United States Magistrate Judge